GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAISANO PUBLICATIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KSLB&D, Inc., a North Dakota corporation; and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No.  CV-12-05772 SJO (MANx)<br><br>Assigned To:  Hon. S. James Otero<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br><br>Trial Date:  None Set<br>Action Filed:  June 22, 2012 |

83751-00007/1847740.4                              1

1   Plaintiff Paisano Publications, LLC's ("Paisano") Motion for Preliminary
2   Injunction ("Motion"), came before this Court on July 26, 2012. Lee A. Dresie and
3   Rachel Valadez of Greenberg, Glusker, Fields, Claman & Machtinger, LLP
4   appeared on behalf of Paisano, and John B. Sganga and Joshua J. Stowell of
5   Knobbe, Martens, Olson & Bear, LLP appeared on behalf of Defendant KSLB&D,
6   Inc. Having reviewed the papers and considered the arguments of counsel, and
7   good cause appearing therefore:

9   IT IS HEREBY ORDERED AS FOLLOWS:

11  1.   The Motion is GRANTED for the reasons stated by the Court on the
12  record. In particular, the Court finds Paisano is likely to succeed on the merits of
13  its claims, including but not limited to, its claims regarding Defendant KSLB&D,
14  Inc.'s breaches of the parties' License Agreement entered into as of March 22, 2011
15  (the "License Agreement") and the parties' Vendor Agreement entered into as of
16  the same date (the "Vendor Agreement"). The Court further finds that Paisano is
17  likely to be irreparably harmed if a preliminary injunction is not issued and
18  KSLB&D, Inc.'s bar and restaurant establishment originally named "Easyriders
19  Saloon," located at the corner of Lazelle St. and Junction Ave in Sturgis, South
20  Dakota ("Saloon"), is not renamed the "Easyriders Saloon" in advance of the start
21  of the 2012 Sturgis Motorcycle Rally (the "Rally"). The Court further finds that the
22  balance of hardships between KSLB&D, Inc. and Paisano tips in favor of Paisano
23  due to the irreparable harm Paisano will suffer if KSLB&D, Inc. is not enjoined,
24  and the fact that any potential harm to KSLB&D, Inc. as a result of this preliminary
25  injunction will have been incurred as a result of KSLB&D, Inc.'s own actions;

27  2.   Pending a final resolution of the above-entitled action, Defendant
28  KSLB&D, Inc., as well as its officers, agents, servants, employees and attorneys

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  (collectively, "KSLB&D") are enjoined as listed below.  KSLB&D shall commence
2  these actions immediately and complete them by 5:00 p.m. CDT on August 2,
3  2012.
4         (a)  KSLB&D shall immediately remove the main "Sturgis Saloon
5  Co." sign on the third floor of the Saloon, as well as any other signs or references in
6  and around the Saloon that refer to the Saloon as the "Sturgis Saloon Co." or any
7  name other than the "Easyriders Saloon," and replace them with the original signs
8  that identify the Saloon as the "Easyriders Saloon."  This provision does not
9  prevent KSLB&D from using existing signage indicating its address, 888, or
10 generic names for the business including, but not limited to, steakhouse, saloon,
11 bar, and grill(e).
12        (b)  KSLB&D shall only use menus that identify the Saloon as the
13 "Easyriders Saloon."  KSLB&D shall use reasonable and best commercial efforts to
14 obtain new menus identifying the Saloon as the "Easyriders Saloon."  To the extent
15 KSLB&D is unable to obtain sufficient such menus in advance of the Rally,
16 KSLB&D may use stickers with the "Easyriders Saloon" name to entirely obscure
17 any reference to the "Sturgis Saloon Co." contained on any Saloon menus.
18 KSLB&D shall not use any menus identifying the Saloon as the "Sturgis Saloon
19 Co." or by any name other than "Easyriders Saloon."
20        (c)  All Saloon employees shall only wear uniforms or garments
21 featuring the "Easyriders Saloon" or "Easyriders" name, and shall not wear
22 anything bearing a "Sturgis Saloon Co." logo.  To the extent KSLB&D is unable to
23 obtain sufficient uniforms or other garments featuring the "Easyriders Saloon"
24 name in advance of the Rally, it may use uniforms or garments featuring the
25 "Easyriders" name.  Paisano agrees to work with KSLB&D to ensure it has
26 sufficient shirts featuring the "Easyriders" name to accomplish this objective,
27 including interfacing with Paisano's suppliers to assist KSLB&D in purchasing said
28 shirts at wholesale prices.  If and only if, despite KSLB&D's efforts, it is unable to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

obtain sufficient uniforms or garments featuring either the "Easyriders Saloon" or "Easyriders" names in advance of the Rally, employees unable to obtain such garments may wear blank garments with no insignia.

(d) KSLB&D shall only sell merchandise at the Saloon which features the "Easyriders Saloon" or "Easyriders" names. KSLB&D shall not sell or distribute any merchandise bearing the name, or otherwise identifying the Saloon as, the "Sturgis Saloon Co." or any other name other than "Easyriders Saloon," unless otherwise agreed upon in writing by the parties.

(e) Any websites operated by KSLB&D shall only refer to the Saloon as the "Easyriders Saloon" and shall under no circumstances reference the name the "Sturgis Saloon Co.," unless to refer to the fact that the "Sturgis Saloon Co." is once again the "Easyriders Saloon."

(f) KSLB&D shall immediately remove or cover any billboards which identify the Saloon as the "Sturgis Saloon Co." KSLB&D shall use reasonable and best commercial efforts to replace the billboards with signage that identifies the Saloon as the "Easyriders Saloon," or that at least obscures all reference to the "Sturgis Saloon Co."

(g) KSLB&D shall not issue any print advertisements, including but not limited to, in flyers, magazines, newspapers, or the like, that identify the Saloon as anything other than the "Easyriders Saloon." KSLB&D will use its best efforts to issue new flyers advertising the Saloon as "Easyriders Saloon."

(h) KSLB&D will use reasonable and best commercial efforts to notify any parties it previously informed that the Saloon had begun operating as the "Sturgis Saloon Co." to inform them, in the manner originally communicated, that the Saloon is once again operating as the "Easyriders Saloon." For the sake of clarity, KSLB&D is not required to contact each and every individual that may have seen a flyer or advertisement identifying the Saloon as the "Sturgis Saloon Co." However, KSLB&D shall use reasonable and best commercial efforts to

1  contact any vendors or other relevant parties to inform them that the name has been
2  changed back to the "Easyriders Saloon."  KSLB&D shall not execute any contracts
3  with third parties in which the Saloon is referred to as "Sturgis Saloon" or any
4  name other than "Easyriders Saloon."

5        (i)  To the extent not specifically addressed above, KSLB&D shall use
6  reasonable and best commercial efforts to comply with the spirit of this order and
7  remove any other references to the "Sturgis Saloon Co. and replace them with in
8  kind references to the "Easyriders Saloon."

10      3.    It is the intention of the Court that this Order and Preliminary
11  Injunction shall have no material negative impact or inflict any harm on innocent
12  third parties.  Accordingly, the foregoing shall not be enforced in a manner that
13  would cause any such harm.  For example, to the extent that the "Sturgis Saloon
14  Co." appears on documents prepared for third parties including, but not limited to,
15  checks, pay stubs, bills of service, and invoices, and changing the document back to
16  "Easyriders Saloon" would cause delay and potential negative impact to the third
17  party, the foregoing Order and Preliminary Injunction shall not be enforced in those
18  circumstances.  To that end, in the event KSLB&D is unable to comply with some
19  portion of this Order without inflicting such harm and the parties cannot resolve the
20  issue themselves, the parties shall immediately notify the Court and the Court will
21  make every effort to hold an expedited telephonic hearing to determine the
22  applicability of this Order in the context raised.

24      4.    Any disputes between the parties concerning the enforceability and/or
25  interpretation of this order may be raised telephonically with the Court.

27      5.    Provided Paisano puts up a bond in the amount of $50,000 either
28  through: a) deposit in its counsel of record, Greenberg Glusker's, client trust

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

account; b) a letter of credit; or c) a bond service and submits a certificate to the Court pursuant to Local Rule 65 by 12:00 p.m. PDT July 31, 2012, this Order is effective as of 3:00 p.m. PDT July 26, 2012.

IT IS SO ORDERED

*S. James Otero*

DATED:_July 27, 2012        _____
The Hon. S. James Otero
United States District Court Judge

Submitted by:

LEE A. DRESIE (SBN 105612)
LDresie@GreenbergGlusker.com
RACHEL VALADEZ (SBN 252415)
RValadez@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Plaintiff
PAISANO PUBLICATIONS, LLC

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

83751-00007/1847740.4

6

[PROPOSED] ORDER GRANTING
MOTION FOR PRELIMINARY INJUNCTION